IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| | * |
| FIRST PENN-PACIFIC LIFE | |
| INSURANCE COMPANY, | |
| | * |
| Plaintiff, | |
| | * |
| v. | CIVIL NO.: WDQ-05-0444 |
| | * |
| WILLIAM R. EVANS, CHARTERED, | |
| *et al.*, | |
| | * |
| Defendants. | |
| | * |

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

First Penn-Pacific Life Insurance Company ("First Penn")
sought to rescind a life insurance policy allegedly procured by
fraud.  Applying Arizona law, Judge Andre Davis of this Court
granted summary judgment for defendants William R. Evans,
Chartered and Invotex, Inc. f/k/a Maryland First Financial
Services Corp. (collectively, "Evans").  Evans now seeks
attorneys' fees under Arizona law as prevailing parties in a
"contested action arising out of a contract."  Ariz. Rev. Stat. §
12-341.01 (2008).  Pending are (1) Evans's renewed motion for
attorneys' fees and (2) First Penn's motion to strike certain
arguments and exhibits in Evans's Reply Memorandum.  For the
following reasons, the motions will be denied.

1

I.   Background

In *First Penn-Pacific Life Insurance Co. v. William R. Evans, Chartered*, No. AMD 05-444, 2007 U.S. Dist. LEXIS 45112 (D. Md June 21, 2007), First Penn sought to rescind a life insurance policy ("the Policy") allegedly procured by fraud.  On June 21, 2007, the Court granted summary judgment for Evans because First Penn failed to "contest" the Policy within two years as required by Arizona law and the Policy.  *First Penn*, 2007 U.S. Dist. LEXIS 45112 at *13; Paper No. 52.

On June 22, 2007, Evans filed a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e), asking the Court to fix the amount payable under the Policy.  Paper No. 54.  On July 6, 2007, First Penn filed a Rule 59(e) motion which argued that the grant of summary judgment erroneously applied Arizona insurance law. Paper No. 55.  On September 4, 2007, the Court denied both motions.  Paper No. 63.

Evans filed a bill of costs and a motion for attorneys' fees on September 18, 2007. Paper Nos. 64, 65.  On September 28, 2007, First Penn appealed the September 4, 2007 Order denying its Rule 59(e) motion. Paper No. 66.  On October 12, 2007, Evans filed a cross appeal based on the same Order.  Paper No. 70.  On December 3, 2007, Evans's cross appeal was dismissed. Paper No. 88.

On August 4, 2008, the Court denied Evans's motion for attorneys' fees "without prejudice to its subsequent renewal

pending the outcome of the appeal." Paper No. 93. On February 26, 2009, the Fourth Circuit affirmed Evans's judgment. Paper No. 94.

On April 2, 2009, Evans renewed its motion for attorneys' fees. Paper No. 98. First Penn opposed the motion on April 20, 2009. Paper No. 99. On May 4, 2009, Evans replied. Paper No. 101. On July 29, 2009, First Penn moved to strike certain arguments and exhibits in the reply. Paper No. 113.

## II. Analysis

Evans seeks attorneys' fees under Arizona Revised Statute § 12-341.01, which states that "[i]n any contested action arising out of a contract . . . the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A) (2008). First Penn contends that Evans's motion should be denied as untimely under Local Rule 109. D. Md. R. 109.

### A. Local Rule 109

Local Rule 109 states: "Unless otherwise provided by statute, L.R. 109.2.c, or otherwise ordered by the Court, any motion requesting the award of attorneys' fees must be filed within fourteen days of the entry of judgment . . . . Non-compliance with these time limits shall be deemed a waiver of any claim for attorneys' fees." D. Md. R. 109.2. First Penn argues that Evans's September 18, 2007 motion was untimely; thus Evans has waived its claim for fees.

The parties dispute the meaning of "entry of judgment." First Penn contends that "entry of judgment" means the Court's entry of summary judgment on June 21, 2007, which would make Evans's motion untimely by several months.   Paper No. 53.   Evans counters that "entry of judgment" occurred on September 4, 2007, the date on which its Rule 59(e) motion was denied, which would make its motion timely.   Paper No. 63.

Under Local Rule 109, an order denying a Rule 59(e) motion is not an "entry of judgment."   Although the section of Local Rule 109 governing bills of costs requires filing "within fourteen days of the entry of judgment, *or of the entry of an order denying a motion, filed under Fed. R. Civ. P. 50(b), 52(b) or 59,*" the section governing attorneys' fee motions requires filing "within fourteen days of the entry of judgment."   D. Md. R. 109.1, 109.2. (emphasis added).   Accordingly, the 14-day period began to run on June 21, 2007, when the summary judgment was entered.

In *Jackson v. Beard*, the Fourth Circuit construed a prior, substantially similar local rule.[1]   *See Jackson v. Beard*, 828

---

[1]The prior version of Local Rule 109, Local Rule 23A, stated that "[e]xcept as otherwise provided by statute, or Local Rule 23B, or ordered by the Court, a motion for attorneys' fees claimed by a prevailing party and/or such party's attorney must be filed by said party or attorney within 20 days of the entry of judgment . . . . Noncompliance with the time limits established by this Local Rule . . . shall be deemed a waiver of any claim for attorneys' fees."

F.2d 1077, 1078-1080 (4th Cir. 1987).   The Fourth Circuit affirmed the denial of attorneys' fees based on the local rule's provision that the filing period ran from the date of the "primary judgment," not the date of the denial of post-trial motions.   *See id.*

Evans contends that Fed. R. Civ. P. 54--which, like Local Rule 109, addresses the timing of filing bills of costs and motions for attorneys' fees--is a "uniform federal rule" with which all Local Rules must be consistent under Fed. R. Civ. P. 83.[2]   Def.'s Reply Mem. at 3.   Evans also argues that because Rule 54 was enacted in 1993, six years after *Jackson*, the case is no longer precedent.   *Id*. at 3-5.

B.   Fed. R. Civ. P. 54

Rule 54 states: "Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment."   Fed. R. Civ. P. 54(d)(2)(B).   Though Rule 54 is similar to Local Rule 109, its definition of "entry of judgment" is considerably broader. Rule 54 defines "judgment" to "include[] a decree and any order from which an appeal lies."   Fed. R. Civ. P. 54(a). The Rule encompasses post-trial motions under Rule 59(e).

---

[2]Federal Rule 83 authorizes district courts to adopt rules governing their practice.   These local rules must be "consistent with–but not duplicate–federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075 . . . ."   Fed. R. Civ. P. 83.

*See, e.g., Weyant v. Okst*, 198 F.3d 311, 314-16 (2d Cir. 1999).

Local Rule 109's definition of "entry of judgment" does not include the disposition of Rule 59 motions.  Evans argues that this apparent inconsistency with Rule 54 violates Fed. R. Civ. P. 83, which authorizes only those local rules which are consistent with the Federal Rules.  Therefore, Evans argues, Local Rule 109 should be interpreted consistently with Rule 54.

Local Rule 109 is not inconsistent with Rule 54.  Rule 54's timing requirements may be varied by an "order of the court," Fed. R. Civ. P. 54(d)(2)(B).  Local rules constitute "order[s] of the court" under Rule 54(d)(2)(B).[3]  As the Third Circuit has stated, "[e]very Court of Appeals to have addressed the issue has decided that a local rule [varying] the time to file a motion for fees is a 'standing order,' and, therefore, not inconsistent with the federal rules."  *Planned Parenthood of Cent. N.J. v. Attorney General*, 297 F.3d 253, 260 (3d Cir. 2002).

---

[3]*Planned Parenthood of Cent. N.J. v. Attorney General*, 297 F.3d 253, 260 (3d Cir. 2002); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *Eastwood v. Nat'l Enquirer*, 123 F.3d 1249, 1257 (9th Cir. 1997); *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 729 (7th Cir. 1995).
The Seventh Circuit's decision in *Johnson* contains a helpful discussion of the interaction between local rules and Rule 54. The court explained that "the Supreme Court and Congress have frequently used the federal rules to adopt default rules of procedure that are modifiable by the districts through the adoption of local rules . . . . [T]he 14-day filing period contained in Fed. R. Civ. P. 54(d)(2)(B) is one such default rule that the districts are free to modify . . . ." *Johnson*, 51 F.3d at 729.

Because Local Rule 109 is a "standing order" of the District of Maryland, it is consistent with Rule 54 and does not violate Rule 83.

C. *Jackson v. Beard*

Evans next argues that *Jackson*--which interpreted the antecedent local rule--is no longer precedent. Evans contends that the adoption of Rule 54 created a "uniform federal rule for the timing of attorneys' fees motions" that supersedes local rules. Def.'s Reply Mem. at 3. Evans cites cases running Rule 54's filing period from the denial of post-trial motions, *see, e.g.*, *Miltmore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688-89 (6th Cir. 2005); *Weyant v. Okst*, 198 F.3d 311, 314-16 (2d Cir. 1999), and following this interpretation when construing local rules governing attorneys' fee motions,[4] *see, e.g.*, *Members First Fed. Credit Union v. Members First Credit Union of Fla.*,

---

[4]Among the cases construing Rule 54 is an unpublished appeal from the District of Maryland, *Barghout v. Bureau of Kosher Meat and Food Control*, No. 96-2366, 1998 U.S. App. LEXIS 7829 (4th Cir. Apr. 23, 1998)(per curiam). The Fourth Circuit applied Rule 54, rather than Local Rule 109, to a motion for attorneys' fees. In *dicta* the court stated that Rule 54's 14-day filing period would run from the denial of the parties' post-trial motions. *Id*. at *6.

The Fourth Circuit relied on the Rule 54(a) definition of "judgment." After noting that "a judgment [under Rule 54] includes any order from which an appeal lies," the court stated that "[n]othing prevented [counsel] from [complying with Rule 54 by] moving the court within 14 days of the denial of the post-trial motion, which *undoubtedly was a ruling from which an appeal could be taken*." *Id*. at *6. The court did not discuss Local Rule 109 or *Jackson*. Because Local Rule 109 applies to this case, *Barghout* is not controlling.

7

244 F.3d 806, 807 (11th Cir. 2001).

None of Evans's authority invalidates *Jackson*.  Recent cases have cited *Jackson* approvingly.[5]

Although Evans's petition may have been timely in other circuits, it was untimely here.

D.  The Court's August 4, 2008 Order

Finally, Evans argues that even if its motion for attorneys' fees was untimely under Local Rule 109, it should be deemed timely because it was filed "in accordance with [Judge Davis's] August [4], 2008 Order."  Def.'s Reply Mem. at 6.  Under Local Rule 109, the time for filing a motion for attorneys' fees may be altered by court order.  D. Md. R. 109.2.a.  Evans contends that

---

[5] *See, e.g., Doe v. Terhune*, 121 F. Supp. 2d 773, 777 (D.N.J. 2000); *Lynn v. West*, No. 94CV00577, 2000 U.S. Dist. LEXIS 19704 at *4-*5 (M.D.N.C. Aug. 8, 2000).
The lone case that discusses Local Rule 109 since the adoption of Rule 54 is consistent with *Jackson* in that it holds that "motion(s) for fees [must] be filed within fourteen days of the entry of judgment, regardless of whether post-judgment motions are filed."  *Levin v. Septodont, Inc.*, No. WMN-99-647, 2001 U.S. Dist. LEXIS 2475 (D. Md. Feb. 16, 2001).  Despite this language, *Levin* is not directly on point because it relied on a previous version of Local Rule 109.  The previous version stated that a motion for fees filed within 14 days of the entry of judgment could thereafter be "supplemented to request fees for any work done . . . in connection with any post-trial motion."  *Levin*, 2001 U.S. Dist. LEXIS 2475 at *4.  Based on this language, the court concluded that Local Rule 109 "specifically anticipate[d] the filing of post-judgment motions." *Id*. at *3-4.
Because Local Rule 109 does not currently contain this language, *Levin* is not directly relevant to the timing requirements of Local Rule 109.  However, although *Levin* was decided after the adoption of Rule 54, the court found Local Rule 109 controls the timing of motions for attorneys' fees.

the August 4, 2008 Order extended Local Rule 109's filing period.

Shortly after the parties cross appealed, Judge Davis asked the parties whether he should await the outcome of the appeal before ruling on the motion for attorneys' fees.  In a November 13, 2007 memorandum to counsel, the Court explained that it "was strongly inclined to the view . . . that there is no urgency and that it is best to await the outcome of the merits appeal before [ruling on the fee motion]."  Paper No. 80.  On August 4, 2008, the Court issued a Paperless Order, which merely stated that Evans's motion was "den[ied] without prejudice to its subsequent renewal pending the outcome of the appeal in this case."  Paper No. 93.  On February 26, 2009, the Fourth Circuit affirmed. Paper No. 94.  Its Mandate issued on March 20, 2009.  Paper No. 95.

Evans argues that the August 4, 2008 Order "completely altered" the timing requirements under Local Rule 109, and "specifically granted Defendants authority to submit their renewed fee petition after the issuance of the mandate."  Def.'s Reply Mem. at 6-7.  Although Evans is correct that the August 4, 2008 Order allowed Evans to renew its motion after the mandate, the Order did not cure the late filing of the motion Judge Davis denied.

Had there been no appeal, Judge Davis would have addressed Evans's original, untimely motion, and would have been compelled

to conclude that the motion was untimely under Local Rule 109.
The untimeliness of the motion was not cured simply because Evans
appealed.  Because Evans's motion was untimely, it must be
denied.[6]

     E.  First Penn's Motion to Strike

     Finally, First Penn has moved to strike certain arguments
and exhibits in Evans's reply because they had not previously
been raised.  Paper No. 113.  Because these arguments do not
address timeliness, and Evans's motion for fees will be denied,
First Penn's motion is moot.


III. Conclusion

     For the reasons discussed above, Evans's motion for
attorneys' fees and First Penn's motion to strike will be denied.


October 5, 2009                        /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

---

     [6]Evans has not attempted to show that its untimely filing
was the result of "excusable neglect."  *See* Fed. R. Civ. P.
6(b)(2).  Because excusable neglect may not be raised *sua sponte*,
it was not considered. *See Gaskins v. BFI Waste Servs., LLC*, No.
07-1001, U.S. App. LEXIS 16064 at *10-11 (4th Cir. June 16,
2008).

10